Preliminary Examination

AO 432 (Rev. 2/84)

Administrative Office of the United States Courts

# WITNESS AND EXHIBIT RECORD

| DATE | CASE NUMBER | OPERATOR | | | PAGE NUMBER | |
|---|---|---|---|---|---|---|
| 3/11/2008 | 05-55-M | Golden | | | 1 | |

| NAME OF WITNESS | DIRECT | CROSS | REDIRECT | RECROSS | PRESIDING OFFICIAL |
|---|---|---|---|---|---|
| Special Agent David Rosenblum | 8:40 am | 8:41 am | — | — | Stark |

| EXHIBIT NUMBER | DESCRIPTION | ID | ADMITTED IN EVIDENCE |
|---|---|---|---|
| 1 | Criminal Complaint 08-55-M | 1 | Yes |

In United States District Court
For the District of Delaware

UNITED STATES OF AMERICA

v.

LESLIE SOTO,
    Defendant.

Criminal Complaint

CASE NUMBER: 08-55-m

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about March 5, 2008 in the District of Delaware, Defendant LESLIE SOTO did knowingly possess in and affecting interstate or foreign commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,

in violation of Title 18 United States Code, Section(s) 922(g)(1) and 924(a)(2).

I further state that I am a(n) ATF Task Force Officer and Special Deputy U.S. Marshal and that this complaint is based
                                       Official Title
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

_____
David Rosenblum
ATF Task Force Officer and Special Deputy U.S. Marshal

Sworn to before me and subscribed in my presence,

March 6, 2008                                        at Wilmington, DE
Date                                                  City and State

Honorable Leonard P. Stark
United States Magistrate Judge           _____
Name & Title of Judicial Officer                  Signature of Judicial Officer

GOVERNMENT EXHIBIT 1

AFFIDAVIT OF PROBABLE CAUSE: ATF Task Force Officer and Special Deputy U.S Marshal David C. Rosenblum

Your affiant Detective David C. Rosenblum has been a Wilmington Police Officer for approximately 9 years and is currently assigned as a Task Force Officer (TFO) with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), whose duties include the investigation into firearms offenses committed in Wilmington, Delaware. Your Affiant has been authorized to seek and execute arrest and search warrants supporting a federal task force through Deputization by the United States Marshal's Service. During this Officer's employment as a Law Enforcement Officer, Your Affiant has authored in excess of 400 felony arrests warrants for crimes, some of which involved illegal narcotics and firearms. Prior to Your Affiant's current assignment, this Officer was assigned to the Wilmington Police Drug, Organized Crime, and Vice Division, Operation Safe Streets Task Force where your affiant has conducted over an estimated 1000 investigations into illegal narcotics and/ or firearms offenses whereby, this Officer seized numerous weapons along with large amounts of narcotics and suspected drug proceeds. During Your Affiant's tenure as a Law Enforcement Officer, Your Affiant has received over 275 days of training from the DOJ, FBI, ATF, DEA, DSP, WPD, DOC, Royal Canadian Mounted Police, North East Counter Drug Training, Homeland Security, California Highway Patrol and other law enforcement agencies. Your Affiant has been qualified in Delaware Superior Court to provide expert testimony on the intent to distribute controlled substances and has testified as an expert in approximately 15 felony drug trials. During the course of previous investigations, Your Affiant has had conversations with federal agents and law enforcement officers with knowledge and/ or expertise in firearms offenses dealing with interstate nexus of firearms crossing state lines thereby affecting interstate commerce.

1. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge and conversations with other Wilmington Police Officers.

2. The events stated below occurred on or about 5 March 2008 at or about 2100 hours, in the City of Wilmington, State and District of Delaware, as stated to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below items.

3. Your affiant learned from a Wilmington Police Detective that on 5 March 2008 at approximately 2100 Wilmington Police Dispatch sent Wilmington Police Officers to the area of 4th and Rodney Streets' reference a fight in progress where at least one subject was reported armed with a firearm. Within seconds of the dispatch, that police detective who was in the area received a call from a confidential source, who advised that a Hispanic male was involved in an altercation in the above described area. The confidential source reported to the detective; 1- that the Hispanic male handed the firearm to a Hispanic female who concealed the firearm in her sweatshirt and 2- both parties entered a Toyota Camry and fled west bound on 4th Street from Rodney Street.

4. The Detective advised Your Affiant the following. He observed the described Camry turn south bound on Scott Street and followed same to the 1000 block of Lancaster Avenue where a motor vehicle stop was conducted. Upon approaching the vehicle, the female identified as LESLIE SOTO, [herein referred to as defendant] was operating the vehicle. Two other individuals were also located in the vehicle. The detective advised Your Affiant that he observed an additional assisting officer asking the defendant if she had anything on her that she should not. The defendant replied to that officer "yeah." That officer subsequently conducted a frisk of the defendant in the detective's presence and recovered a firearm concealed within her sweatshirt. The detective observed the recovered firearm and advised Your Affiant the firearm was a 22 caliber Western Derringer Serial Number 32390 loaded with two Remington 22 caliber rounds and the markings on the firearm indicated it was manufactured by Hawes Firearm Company of Los Angeles. The detective advised Your Affiant that the firearm appears to be functionable and in good working order.

5. Your Affiant reviewed the Delaware Justice Information System Database (DELJIS) and verified the defendant has two Felony Convictions, Possession with Intent to Deliver a Schedule I Controlled Substance and Maintaining a Vehicle for Keeping Controlled Substance in New Castle County Superior Court on or about 12 September 2002. Each Conviction includes possible imprisonment of more then one year.

6. From my training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, your affiant believes that the above described weapon is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate commerce.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated:(1) 18 U.S.C. 922(g), by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and respectfully requests that the Court issue a Criminal Complaint charging this offense.

_____
David C. Rosenblum
Task Force Officer, ATF
Special Deputy U.S. Marshal

Sworn to and subscribed in my presence
this 6th day of March 2008

_____
The Honorable Leonard P. Stark
United States Magistrate Judge